CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 13 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES R. OTEY, ) | Civil Action No. 7:02CV00797 |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

This case is before the court for the second time. By order entered July 10, 2003, the court remanded this case to the Commissioner for consideration of new medical evidence. Plaintiff's claims were again denied and the matter has been reinstated on the active docket of this court.

The court heard oral argument on the reinstated case on January 13, 2006. At that hearing, both sides agreed that the case should be remanded to the Commissioner for additional input from a vocational expert. Stated succinctly, it now appears that plaintiff suffers from a combination of physical and emotional impairments. The court believes that neither condition is disabling, in and of itself. The Administrative Law Judge relied on testimony from a vocational expert in concluding

that plaintiff retains sufficient functional capacity for certain forms of work activity. However, despite the existence of psychiatric reports establishing some measure of emotional dysfunction, it is undisputed that the vocational expert was not asked to consider the interplay of nonexertional impairments in assessing plaintiff's capacity for alternate work activities. Accordingly, both sides agree that the case should be remanded to the Commissioner so that additional hypothetical questions may be put to a qualified vocational expert. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). It is also agreed that, upon remand, the Commissioner may wish to refer plaintiff for evaluation by a consultative psychiatrist.

An appropriate order will be entered this day. The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 12th day of January, 2006.

/s/ Jack Conrad
United States District Judge